UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kok Haut Seow, Jisoo Kim, and Nae Kyong Yom,

      Plaintiffs,

v.

Miyabi Inc., Lin Sushi Inc., Cher Leong Yong, Zhongzi Zhen, Kevin Yong, and Youyan Chen,

      Defendants.

Case No. 19-cv-2692 (JNE/DTS)
ORDER

This case is before the Court on Plaintiffs' Unopposed Motion to Approve Settlement Agreement. After reviewing the motion and the settlement agreement,[1] the Court granted the parties an opportunity to address *Barbee v. Big River Steel, LLC*, 927 F.3d 1024 (8th Cir. 2019). Defendants acknowledged that "the parties did not separately negotiate the actual amounts to be paid as between plaintiffs and their attorneys" and that the parties "ultimately agreed to [the] total amount to be paid." Plaintiffs stated that their "attorneys' fees were based on a preexisting agreement between Plaintiffs and their attorneys for a 40% contingency." The Court denies Plaintiffs' Unopposed Motion to Approve Settlement Agreement. *See Barbee*, 927 F.3d at 1027 n.1 ("We note that if FLSA settlements are subject to judicial review, the court would retain the authority to ensure the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his

---

[1]     The Court grants the Joint Motion to File Settlement Agreement Under Seal.

1

or her client."); *Dumas v. King*, 157 F.2d 463, 466 (8th Cir. 1946) ("It is to be borne in mind also that a statute such as is here involved, in providing for the allowance of a reasonable attorney's fee, does not contemplate an amount in the nature of speculative or contingent fee, but merely one that is reasonable on the basis of time necessarily spent and character of effort required, in such relationship to the amount recovered as is fair under the circumstances of the particular situation." (citation omitted)).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' Unopposed Motion to Approve Settlement Agreement [Docket No. 61] is DENIED.

2. The Joint Motion to File Settlement Agreement Under Seal [Docket No. 68] is GRANTED.

3. The hearing on January 21, 2021, at 11:00 a.m. is CANCELLED.

Dated: January 19, 2021

                                                            s/ Joan N. Ericksen
                                                            JOAN N. ERICKSEN
                                                            United States District Judge