UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kok Haut Seow, Jisoo Kim, and Nae Kyong Yom,

    Plaintiffs,

v.

Miyabi Inc., Lin Sushi Inc., Cher Leong Yong, Zhongzi Zhen, Kevin Yong, and Youyan Chen,

    Defendants.

Case No. 19-cv-2692 (JNE/DTS)
ORDER

This case is before the Court on the parties' Motion for Approval of Settlement. ECF No. 79. For the reasons stated below, the Court grants the motion and dismisses the case with prejudice.

## BACKGROUND

Plaintiffs Kok Haut Seow, Jisoo Kim, and Nae Kyong Yom worked at Defendants' restaurant. Plaintiffs allege that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") as well as the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21, *et seq.*[1]

On July 30, 2020, the parties reached a settlement at a settlement conference before the Honorable David T. Schultz, United States Magistrate Judge. Plaintiffs subsequently filed an unopposed motion to approve the settlement agreement. However, the parties admitted that they did not separately negotiate attorney fees as Plaintiffs had a

---

[1] Though Plaintiffs brought the case as a collective action and class action, they have not filed a motion for certification and no other individuals have opted in.

contingency agreement in place with Plaintiffs' counsel. Consequently, the Court denied the motion to approve the settlement agreement.

Plaintiffs and Plaintiffs' counsel have since set aside their contingency agreement and the parties have negotiated a new settlement agreement, again before Magistrate Judge Schultz. The parties assert that they negotiated the attorney fee amount separately from Plaintiffs' claims and that the settled attorney fee amount is based on an exchange of itemized time entries. According to the parties, the settled attorney fee amount represents a 62% reduction in fees from a pure lodestar method. As part of the settlement agreement, Plaintiffs agree to dismiss their claims with prejudice.

## DISCUSSION

The law is unclear as to whether the Court's approval is required for the settlement of Plaintiffs' FLSA claims. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026-27 (8th Cir. 2019) (acknowledging there is a circuit split as to whether private FLSA settlements require district court review but declining to decide the issue). As the parties have moved for the Court's approval, the Court will analyze whether the settlement should be approved under the law applied when court approval is required. *Bryson v. Patel*, No. 4:20-CV-00065, 2021 U.S. Dist. LEXIS 111503, at *1 (E.D. Ark. June 15, 2021); *Johnson v. Thomson Reuters*, No. 18-CV-0070, 2019 WL 1254565, at *2 n.1 (D. Minn. Mar. 19, 2019). A district court should approve a private FLSA settlement agreement if (1) a bona fide dispute exists and (2) the settlement represents a fair a reasonable solution to that dispute. *Johnson*, 2019 WL 1254565, at *2 (citing *Lynn's*

*Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) and *Stainbrook v. Minn. Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017)).

## I. A Bona Fide Dispute Exists

A bona fide dispute exists in a FLSA case if issues are actually in dispute. *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354); *Stainbrook*, 239 F. Supp. 3d at 1126. "The threshold for establishing whether a bona fide dispute exists between the parties is a low one met where the parties are in disagreement about the wages to be paid and liability of the issues." *Netzel v. W. Shore Grp., Inc.*, No. 16-cv-2552, 2017 WL 1906955, at *2 (D. Minn. May 8, 2017) (citation omitted).

Here, a bona fide dispute exists. Plaintiffs each claim that Defendants did not pay them the proper overtime rate for hours that they worked in excess of forty hours per week. Plaintiffs Kim and Yom also claim that Defendants did not pay them the minimum hourly rate and that Defendants illegally retained their tips. Defendants deny owing Plaintiffs any wages.

## II. The Settlement Is Fair and Reasonable

When considering whether a settlement is fair and reasonable, courts look to various factors, including:

> (1) the stage of the litigation and the amount of discovery exchanged, (2) the experience of counsel, (3) the probability of the plaintiff's success on the merits, (4) any overreaching by the employer in the settlement negotiations, and (5) whether the settlement is the product of arm's length negotiations between represented parties based on the merits of the case.

*Stainbrook*, 239 F. Supp. 3d at 1126.

Here, the parties' settlement is fair and reasonable. As to the first factor, written discovery has taken place and the parties have had several settlement discussions. As to the second factor, both parties' attorneys are competent. The parties assert that their attorneys have handled numerous cases involving complex litigation. Regarding the third factor, Plaintiffs maintain that their FLSA claims are strong and can be proven at trial. However, a finding of liability is never assured, and the settlement agreement avoids delay and uncertainty. Concerning the fourth and fifth factors, there is no indication of Defendants' overreaching. Magistrate Judge Schultz mediated the settlement in a court-ordered settlement conference. *See Netzel*, 2017 WL 1906955, at *6 ("Courts have held that negotiations involving counsel and a mediator, like the present case, raise a presumption of reasonableness.").

### III. The Parties Negotiated Attorney Fees Separately

If FLSA settlements are subject to judicial review, the Court has the authority to ensure attorney fees are "negotiated separately and without regard to the plaintiff's FLSA claim." *Barbee*, 927 F.3d at 1027 n.1; *see also* Order 1-2, ECF No. 74. Where the attorney fee amount is negotiated separately from the FLSA claims, the Court has no authority to review the settled fee amount. *Barbee*, 927 F.3d at 1027. Though, a settled attorney fee amount that is "not so disproportionately exorbitant alone to indicate collusion" may be an indication of separate negotiation. *See Donoho v. City of Pacific*, No. 4:19-CV-186, 2019 WL 5213023, at *2 (E.D. Mo. Oct. 16, 2019).

Here, the parties negotiated the attorney fee amount separately from Plaintiffs' FLSA claims. The parties assert that the fee amount is based on an exchange of itemized

time entries. Furthermore, the fee amount is not so exorbitant as to indicate collusion. *Id.* According to the parties, the settled fee amount represents a 62% reduction in fees from a pure lodestar method.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Motion for Approval of Settlement [ECF No. 79] is GRANTED.
2. The action is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 15, 2021

                                              s/ Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge